## MOSES NATHAN *v.* DAVID C. JONES.

**Judgment—Parties.**

> One not a party to the record cannot appeal from the judgment rendered in the cause, except in the single instance where one not a party applies to be made a party and his application is refused.

**Sale of Real Estate by Chancellor, Lien Retained—Practice.**

> Where real estate is sold by the chancellor and a lien is retained thereon to secure the payment of the purchase money, the chancellor cannot order a resale of the property, where the bonds are not paid, without notice to the purchaser. While the bonds taken for the purchase money have the force of judgments, they are merely judgments in personam against the obligors and are not judgments to resell the land.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 12, 1876.

OPINION BY JUDGE COFER:

George T. Edwards obtained a judgment in the Louisville Chancery Court against John Tehan to sell certain real estate in satisfaction of said judgment. The property was sold and S. S. Meddis became the purchaser at the price of $5,435, and, with the appellee, D. C. Jones, as his surety, executed sale bonds therefor payable in six and twelve months from date, and to secure the payment of said bonds the usual lien was retained. The sale was reported and confirmed, and before the first bond matured the property was, by order of court, conveyed to Meddis and a lien for the entire purchase money was retained therein. Meddis then sold and conveyed the property to the appellant, M. Nathan, for the sum of eight thousand dollars, which was paid by the transfer of other real estate.

Meddis having failed to pay the full amount of the purchase price, various rules were taken against him to pay the balance or show cause why he did not do so, none of which seem to have been prosecuted to a final order. Edwards subsequently dismissed the rules, abandoned that mode of proceeding, and by leave given by court sued

out execution for the balance due on the bonds. The appellee, Jones, then came into court and paid off the bonds, and on his motion an order was made substituting him to the rights of Edwards including the lien for the security of the bonds. To the making of that order the record shows that Meddis and Nathan both objected.

Jones subsequently moved the court for a judgment to sell the property or so much of it as would reimburse him for the payments he had made. No notice of the motion was given to either Meddis or Nathan, but the record shows that they both objected to the motion. Pending that motion, Jones filed the affidavit of himself and Meddis to the effect that the name of Meddis was used in making objection to his motion for an order of sale without Meddis's authority or consent, and on Jones's motion so much of the order as expressed Meddis's objection to an order of sale was set aside.

Nathan filed his own affidavit, stating that he had only learned of the motion through his counsel, who happened to be in court when it was made, and that he had no other notice of it. He also stated that he had a valid defense to any action Jones might bring to enforce his asserted lien; that Meddis was insolvent; that Jones was a partner with Meddis in the purchase and sale of the property, and was in fact a principal on the bonds, and bound on the covenant of warranty made to Nathan by Meddis; and he again objected to an order of sale.

The court, however, made an order directing so much of the property to be sold as would pay the amount claimed by Jones, and from that order Nathan has appealed. Counsel for Jones deny that Nathan is a party to the record, or that he has a right to prosecute the appeal.

They are certainly correct in saying that one not a party to the record cannot appeal from the judgment rendered in the cause, except in the single instance where one not a party applies to be made a party and his application is refused. But we think Nathan has, now, a right to be treated as a party to the proceeding to obtain an order of sale. He did not formally apply to be made a party, and no order to make him such was made. But he appeared and filed an affidavit disclosing the facts which he relied upon as showing his interest in the matter before the court, and resisted the motion, without any objection to the manner or form of doing so. Jones tacitly recognized his right to be heard in this record upon the presentation which he made of his case, both by his failure to move to strike out his objection to his motion when he moved to strike out that entered in the name of Meddis, and by failing to object to the filing of the affidavit

showing Nathan's interest in the matter. The proceeding on the part of Jones was without written pleading, and, whether regular or not, was certainly summary and informal, and having failed to object to the manner in which Nathan came into the record before judgment was rendered, it is now too late to raise that question.

The next and most important question is whether the order to sell the property is right. In the decision of that question we do not find it necessary to express an opinion upon any point affecting the merits of the controversy, and shall therefore confine ourselves to the consideration of the questions of practice involved in the appeal. Counsel for Jones insist that when real estate is sold by the chancellor, and a lien is retained thereon to secure the payment of the purchase money, the chancellor may order a resale of the property if the purchaser's bonds be not paid at maturity, and that this may be done without notice to the purchaser, or to a purchaser from him. They argue that inasmuch as the judgment directing the sale directed a lien to be retained to secure the price, and a lien was retained in the bonds, and the bonds are declared by the statute to have the force of judgments, the resale of the property was but the execution of the judgments and may be without notice.

We do not concur in that view of the law. It is true the bonds have the force of judgments, but they are merely judgments in personam against the obligors. They are not judgments to resell the land. They are mere personal judgments secured by the lien, and that lien, like every other, can only be enforced by judicial proceedings of some sort, and of judicial proceedings those to be effected by them are entitled to notice. Whether proceedings to enforce such a lien may be by a direct proceeding against the property upon notice to those entitled to have a notice, or by personal proceedings against the purchaser as for a contempt, is a question of some importance.

Nathan's counsel contend that a resale cannot be ordered by a direct summary proceeding for that purpose, even upon notice; that the only remedy is by a proceeding against the purchaser, as for contempt, and that if he will he may surrender the property purchased, or other property, as a means of purging his contempt; but if he refuses to do either he may be committed for the contempt as a means of compelling him to consent to a resale; and finally that if he will not consent to a resale the lien can only be enforced by a suit in equity.

We do not know of any statute or rule of practice upon this ques-

tion. We incline, however, to the opinion that the more convenient and consistent rule is to allow the party entitled to the purchase money to proceed directly against the property, and to have an order for resale after giving reasonable notice of his motion therefor. But when, as in this case, a deed has been made to the purchaser, and he has conveyed the property to a third person, and the legal title has thus gone beyond the control of the court, we are of opinion the property can only be reached by a suit in equity against all persons who may have acquired an interest in it, just as in any other case for the enforcement of liens. The deed to Meddis, and by him to Nathan, certainly invested the latter with the legal title, and without Nathan before the court it would be impossible to invest the purchaser at the resale with title.

But counsel maintain that Nathan is a pendente lite purchaser, and that he has, therefore, no right to resist a resale. There was certainly nothing in lite when Nathan received his deed. As already suggested there was not only no proceeding pending, when he purchased and received a conveyance, but neither of the bonds was then due. The making of the motion for an order to resell was the commencement of the present litigation. The litigation previously pending between the original parties to the suit terminated with the original judgment, or if not, certainly with confirmation of the sale and the conveyance to the purchaser.

We are, therefore, of the opinion that the court erred in ordering a resale upon the summary proceeding adopted for that purpose, and the judgment is *reversed,* and the cause is remanded with directions to dismiss the motion.

*L. N. Dembitz, Laf Joseph, for appellant.*

*Mix & Booth, for appellee.*

